IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
NO. 08-364

| | |
|---|---|
| IVY L. BURCH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **DEFENDANTS' MOTION TO STRIKE** |
| BLUE CROSS BLUE SHIELD OF ) | **PLAINTIFF'S JUNE 15, 2009** |
| NORTH CAROLINA, ) | **AMENDED COMPLAINT** |
| RONDA BUCHANAN, and ) | |
| DARLENE KECK, ) | L.R. 7.3 |
| Defendants. ) | |

Defendants, Blue Cross Blue Shield of North Carolina ("BCBSNC"), Ronda Buchanan, and Darlene Keck (collectively, the "Defendants") move to strike Plaintiff Ivy Burch's June 15, 2009 Amended Complaint on the grounds that Plaintiff did not obtain leave of Court to file the Amended Complaint in the form it appears in her June 15, 2009 Amended Complaint. In support of their motion, Defendants set forth the following:

1. On or about May 2, 2008, Plaintiff Ivy L. Burch filed an action, *pro se*, against Defendants in the General Court of Justice, Superior Court Division, Durham County, North Carolina bearing the caption *Ivy L. Burch v. Blue Cross Blue Shield of North Carolina, Rhonda Buchannan [sic] and Darlene Keck*, 08-CVS-002950. Plaintiffs' May 2, 2008 Complaint was five pages, 11 paragraphs in length and purported to bring claims under Title VII of the 1964 Civil Rights Act, as amended, as well as state law claims of intentional infliction of emotional distress, negligent infliction of emotional distress, unfair and deceptive business practices and wrongful termination.

2. On or about June 2, 2008, Defendants timely removed the action to this Court. Defendants filed their answer on July 3, 2008.

3. This Court attempted to schedule a pretrial conference as early as July 24, 2008. However, the pretrial conference was initially rescheduled by the Court for August 21, 2008, and rescheduled three additional times at the request of Ms. Burch. In light of her *pro se* status in particular, Defendants consented to each of Ms. Burch's requests to reschedule the pretrial conference. *See* Def.'s Resp. to Pl.'s Mot to Continue Hearing Set for October 30, 2008 (Docket No. 16). The pretrial conference was ultimately rescheduled for November 20, 2008, over six months after Plaintiff filed the Complaint in this action.

4. Ms. Burch retained counsel in this matter on or about November 4, 2008. *See* Pl.'s Motion for Leave to File an Am. Compl. ¶ 3 (Docket No. 21).

5. The Court-approved Joint Rule 26(f) Report set January 15, 2009 as the deadline to request leave to amend pleadings, April 1, 2009 as the deadline for Defendants to take Plaintiff's deposition, and May 29, 2009 as the discovery deadline. *See* Docket Nos. 18 and 19.

6. On or about January 15, 2009, Plaintiff filed a Motion to Amend her Complaint, to which she attached an 18-page, 135-paragraph, proposed Amended Complaint that significantly expands upon the factual allegations included in Plaintiffs' May 2, 2008 Complaint and purports to bring claims under Title VII and 42 U.S.C. § 1981, as well as state law claims for wrongful discharge and intentional infliction of emotional distress.

7. Defendants timely opposed Plaintiff's Motion to Amend her Complaint. Nevertheless, on June 9, 2009, the Court granted Plaintiff's Motion to Amend her Complaint and ordered Plaintiff to "file and serve her amended complaint forthwith."

8. On June 15, 2009, Plaintiff filed a 20-page, 138-paragraph Amended Complaint that contains additional allegations beyond those set forth in the version of her January 15, 2009 proposed Amended Complaint that the Court granted her leave to file. Significantly, in the Amended Complaint Plaintiff filed on June 15, 2009, she made changes and/or added allegations to at least 41 paragraphs of the proposed Amended Complaint that was filed on January 15, 2009. In addition, she added four additional paragraphs that were not included in the January 15, 2009 proposed Amended Complaint, and increased the amount of damages she is requesting in the "Prayer for Relief" by $60,000.[1]

9. The Court's June 9, 2009, Order Granting Plaintiff's Motion to Amend her Complaint did ***not*** grant Plaintiff an unrestricted right to continue amending her Complaint. Here, per the Court's scheduling order, Plaintiff had over eight months from the time she filed her Complaint (and over two months after she had retained counsel in this matter) to file an Amended Complaint. The Court did not grant her an additional five months to further amend her Complaint as she saw fit. Plaintiff's delay in asserting the additional allegations set forth in her June 15, 2009 Complaint is without excuse. *See Hoover v. Blue Cross & Blue Shield of Alabama*, 855 F.2d, 1538, 1544 & n.7 (11th Cir. 1988) (finding the district court was not obliged to consider the additional allegations in an amended complaint where there was no excuse for the plaintiff's delay in filing the additional complaint and the plaintiff did not have leave to file his amended complaint).

---

[1] The portions of the January 15, 2009 proposed Amended Complaint that were revised in the June 15, 2009 Amended Complaint include the following paragraphs of the January 15, 2009 Amended Complaint: 31, 32, 38-40, 42, 44, 45, 49, 51, 54-57, 58, 63, 66, 68, 69, 72, 73, 76, 82, 85, 87, 88, 92, 102, 107-109, 113-118, 121-123, 135, and paragraph 1 of the "Prayer for Relief." In addition, the following paragraphs included in the June 15, 2009 Amended Complaint were not included in the January 15, 2009 Amended Complaint: 49, 54, 57, and 89.

10. In light of the short timeframe that the Federal Rules of Civil Procedure allow to respond to a complaint and the incredibly detailed allegations contained in Plaintiff's 135-paragraph, 18-page Amended Complaint, which include allegations spanning Plaintiff's nearly 19-year tenure as an employee with Defendant BCBSNC, Defendants relied on the January 15, 2009 proposed Amended Complaint to prepare their responsive pleading. *See* 6 Wright & Miller, *Federal Practice and Procedure: Civil* 2d § 1480 at 577 (noting that "at some point the opposing party should be allowed to rely on his adversary's pleading so that he is able to prepare an adequate responsive pleading").

11. Thus, requiring Defendants to answer the June 15, 2009 version of Plaintiff's Amended Complaint would unfairly prejudice Defendants, who have already conducted discovery, commenced Plaintiff's deposition, and expended the time and resources to prepare a defense of Plaintiff's proposed Amended Complaint filed on January 15, 2009. Moreover, permitting Plaintiff leave to file the June 15, 2009 version of her Amended Complaint will further disrupt the orderly process of this case, which is already marked with a widespread pattern of delay on the part of Plaintiff. *See, e.g.*, Docket No. 16 (documenting Plaintiff's history of delay); *Earlie v. Jacobs*, 745 F.2d 342, 345 (5th Cir. 1984) (finding the district court did not abuse its discretion in denying motion to amend the race discrimination plaintiff's complaint where permitting the plaintiff to amend her complaint to increase the amount of damages she was seeking would only have delayed the trial and prejudiced the employer, adding nothing of substance to the original allegations).

12. Because Plaintiff did not have leave from the Court to file the June 15, 2009 version of her Amended Complaint, Defendants are not obligated to respond to any new matter contained in this version of Plaintiff's Amended Complaint. *See* 6 Wright & Miller, *Federal*

*Practice and Procedure: Civil* 2d § 1484 at.601 (finding that when an amendment "is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered"). Instead, Defendants will contemporaneously with this motion respond to January 15, 2009 version of Plaintiff's Amended Complaint that the Court granted her leave to file in its June 9, 2009 order.

WHEREFORE, Defendants respectfully request that the Court enter an order striking Plaintiff's June 15, 2009 Amended Complaint; requiring Plaintiff to file the proposed Amended Complaint attached to her January 15, 2009 Motion to Amend; and granting Defendants reasonable costs associated with bringing this motion.

Respectfully submitted, this, the 6th day of July, 2009.

WILLIAMS MULLEN

By: /s/ Kimberly D. Bartman
William P. Barrett
N.C. Bar No. 19545
Kimberly D. Bartman
N.C. Bar No. 34923
Attorneys for Defendants
P.O. Drawer 19764
Raleigh, NC 27619-9764
Telephone: (919) 981-4000
Telecopier: (919) 981-4300

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2009, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to Plaintiff's counsel of record.

WILLIAMS MULLEN

By: /s/ Kimberly D. Bartman
William P. Barrett
N.C. Bar No. 19545
Kimberly D. Bartman
N.C. Bar No. 34923
Attorneys for Defendants
P.O. Drawer 19764
Raleigh, NC 27619-9764
Telephone: (919) 981-4000
Telecopier: (919) 981-4300

Served:

Janet K. Ledbetter
P.O. Box 1108
Hillsborough, NC 27278