IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| IVY L. BURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O-R-D-E-R** |
| | ) | |
| BLUE CROSS BLU SHIELD OF | ) | 1:08CV364 |
| NORTH CAROLINA, | ) | |
| RONDA BUCHANAN and | ) | |
| DARLENE KECK, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on motion of Defendants to strike Plaintiff's June 15, 2009, amended complaint. (docket no. 26.) Plaintiff has responded in opposition to the motion, and Defendants have filed their reply. For the reasons which follow, the motion will be granted, and the June 15 amended complaint will be stricken.

This case began with Plaintiff's pro se complaint filed in Durham County Superior Court, alleging employment discrimination under federal law and related state law claims. Defendants removed the case to this court, an attorney entered an appearance on Plaintiff's behalf, and the court allowed Plaintiff's motion to amend her complaint. Defendants contend in their motion to strike that Plaintiff's amended pleading filed on June 15 is substantially different from the proposed amendment she attached to her motion to amend. Defendants have been careful to point out the differences they see in the June 15 filing from the proposal attached

to the motion to amend. *See* First Motion to Strike, ¶ 8 and n.1. Because of these differences, Defendants say that Plaintiff has arrogated to herself an "unrestricted right to continue amending her complaint," *id.* at ¶ 9, without approval of the court or consent of the other side. The court agrees.

First, Plaintiff asserts in her opposition to the motion to strike that she has been unable to find federal law as to whether she was required to attach her proposed amended complaint to the motion to amend. *See* Response and Opp'n, unnumbered p.5. Her point is that Defendants have no cause to complain that her amended pleading does not precisely track the proposed amended complaint she attached to her motion to amend. That is a surprising assertion, as a well-known treatise on federal civil practice and procedure notes that "a copy of the amendment should be submitted with the motion [to amend] so that the court and the adverse party know the precise nature of the pleading changes being proposed." 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1485, p. 603 (2d ed. 1990) (collecting cases from as early as 1941).[1]

Second, this observation above leads to another reason to strike the June 15 amendment. Plaintiff gave the court and Defendants notice of her proposed amendment and now she has filed something different. This "changing horses"

---

[1] While the court refers to Plaintiff's opposition memorandum, it is noted that the form of the memorandum violates this court's local rules that "documents should be double spaced." LR7.1. Because of this violation, the court has not read the opposition memorandum beyond the cited phrase.

-2-

should not allowed by the court. In short, it is simply unfair to do what Plaintiff has done here.

For these reasons, the motion to strike the June 15 First Amended Complaint is **GRANTED** and that pleading is **HEREBY STRICKEN**. It will not be considered by the court, and Defendants have no obligation to respond to the June 15 First Amended Complaint. The court notes that Defendants seek leave of the court to apply for costs and fees in bringing the motion to strike. If Defendants are so advised, they may file their application for fees and costs, with points and authorities, no later than August 28, 2009. Plaintiff will be allowed ten calendar days from the filing date of the application to file her response.

_____
WALLACE W. DIXON
United States Magistrate Judge

August 20, 2009