# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| IVY L. BURCH, | ) | |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| v. | ) | |
| | ) | |
| BLUE CROSS BLUE SHIELD OF | ) | 1:08CV364 |
| NORTH CAROLINA, RONDA | ) | |
| BUCHANAN, and DARLENE KECK, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court as a result of Defendants seeking leave to apply for costs in relation to their motion to strike Plaintiff's amended complaint (docket no. 26), which this court granted (docket no. 30). Defendants subsequently filed a motion for bill of costs (docket no. 34), and Plaintiff responded by filing a motion for disallowance of Defendants' bill of costs (docket no. 35). These motions have been briefed by opposing sides and are thus ripe for disposition. For the reasons discussed herein, Defendants' motion for bill of costs will be granted in part, and Plaintiff's motion for disallowance will be denied.

## BACKGROUND

On May 2, 2008, Plaintiff filed a *pro se* complaint against Defendants, represented by Williams Mullen, a Richmond-based law firm with an office in Raleigh, North Carolina, in the Superior Court of Durham County, North Carolina. Defendants then removed the action to this court. On November 14, 2008, Plaintiff

hired attorney Janet Ledbetter to represent him in this action. Plaintiff, through his attorney, subsequently sought leave to amend his complaint, which this court granted. Plaintiff then filed an amended complaint (docket no. 25), but that complaint differed substantively from the text of the proposed amended complaint that was attached to Plaintiff's underlying motion to amend. (*See* Exhibit Amended Complaint, docket no. 21.)

Defendants responded by filing a motion to strike the amended complaint and sought leave to apply for costs associated with that motion. On August 20, 2009, I granted Defendants' motion to strike the amended complaint and gave Defendants leave to apply for costs. Defendants timely filed a motion for costs and have asked for attorneys fees totaling $5,017. Plaintiff timely filed a motion to disallow such costs accompanied by a supporting brief, arguing that Defendants incorrectly cite to Local Rule 54 as a basis for its motion, failed to provide points and authorities to support any award of costs, and that it would be unjust and create a severe financial burden to require Plaintiff to pay what Plaintiff believes are Defendants' excessive and unreasonable costs associated with its motion to strike. Plaintiff further argues that Defendants were not significantly prejudiced since they were not required to respond to the amended complaint.

Defendants responded, arguing Plaintiff had the opportunity to withdraw the submitted amended complaint after Defendants' motion to strike was filed, but that Plaintiff instead filed a response brief to the motion. Further, Defendants contend it

is within the court's discretion to award attorneys fees in this type of situation, where there has possibly been bad faith and a certain result of unnecessary litigation.

**DISCUSSION**

Federal courts have several mechanisms by which they can sanction unfitting behavior, vexatious litigation, or failure to follow court orders or local rules. *See, e.g.*, 28 U.S.C. § 1927; FED. R. CIV. P. 11; FED. R. CIV. P. 16. Furthermore, under some of these authorities, the court may sanction or impose costs not just against a plaintiff or defendant, but against such parties' attorneys. Because Plaintiff's conduct has led to a further—and unnecessary—delay of this action, I find that Rule 16 sanctions are applicable.

Rule 16(f) provides "'[o]n motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f). In relation to imposing fees and costs, Rule 16(f) further states:

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses — including attorney's fees — incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

*Id.* "While on the whole Rule 16 is concerned with the mechanics of pretrial scheduling and planning, its spirit, intent and purpose is clearly designed to be broadly remedial, allowing courts to actively manage the preparation of cases for

trial." *In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984) (*en banc*). As stated by the *Baker* court:

> [T]here can be no doubt that subsection (f), added as part of the 1983 amendments to Rule 16, indicates the intent to give courts very broad discretion to use sanctions where necessary to [e]nsure not only that lawyers and parties refrain from contumacious behavior, already punishable under the various other rules and statutes, but that they fulfill their high duty to [e]nsure the expeditious and sound management of the preparation of cases for trial.

*Id*; *accord Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

Here, Plaintiff clearly violated a pre-trial order by filing an amended complaint other than the one specifically permitted by court order. Thus, Plaintiff is subject to Rule 16 violations. Plaintiff's lawyer asserts that the filing of the amended complaint different from the one attached to the motion to amend was not done in bad faith, but was instead a "mistake" and a "misguided attempt to provide better legal representation to Plaintiff Ivy Burch." (Pl.'s Motion for Disallowance, ¶ 7, docket no. 35.) Even assuming this was true, the filing of an amended complaint substantively different from that provided to the court as part of Plaintiff's motion to amend, and subsequently used as a basis of briefing such motion by both parties, required Defendants to expend further and unnecessary resources. Further, and as argued by Defendants, if the filing of an amended complaint different from that attached to the motion to amend was a "mistake," Plaintiff could have withdrawn the amended complaint after Defendants filed a motion to strike. Yet, Plaintiff instead chose to further litigate the issue, filing a responsive brief to the motion to strike. Such action

-4-

does not ensure "the expeditious and sound management" of this litigation, *Baker*, 744 F.2d at 1440, but instead results in the opposite: further delay in obtaining a resolution to this litigation. For these reasons, I find that Plaintiff is subject to Rule 16(f) sanctions.

I do agree with Plaintiff on two of his contentions, however, namely that the costs submitted by Defendants are unreasonable and that Plaintiff would be subject to an unreasonable burden if he himself would have to pay any such costs. Rule 16(f) provides discretion to address these two issues, stating the judge "must order the party, *its attorney*, or both to pay the *reasonable expenses* — including attorney's fees — incurred because of any noncompliance with this rule . . . ." FED. R. CIV. P. 16(f)(emphasis added). Here, to sanction Plaintiff for the costs incurred by his counsel's "mistake" would be unjust and would indeed present an unreasonable burden. For these reasons, I believe Ms. Ledbetter should bear the burden of her "mistaken" and "misguided" actions.

I further agree with Plaintiff in that the costs submitted are unreasonable. Defendants have submitted an itemized list of associated costs for the work of two attorneys, totaling 15.7 hours and $5,017. The suggested rates for these two lawyers are $280 and $395 per hour. Notably, while requested, Defendants failed to submit any points or authorities to support these rates in either of their briefs, other than a declaration by one of the lawyers that did nothing more than serve as a verification of the substance of the motion.

In determining the amount of attorney's fees to award, the court calculates the "lodestar" figure by multiplying the number of reasonable hours expended times a reasonable rate. *See Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174-75 (4th Cir. 1994); *Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986); *CoStar Group, Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 787-89 (D. Md. 2000). I find that these calculations apply to the determination of attorneys fees under Rule 16(f) the same as with other vehicles to award such fees. "[T]he number of hours must be reasonable and must represent the product of 'billing judgment.'" *Rum Creek*, 31 F.3d at 175 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *CoStar Group, Inc.*, 106 F. Supp. 2d at 789. Fee requests that are "excessive, redundant, or otherwise unnecessary" should be excluded. *Hensley*, 461 U.S. at 434.

In deciding what constitutes a reasonable rate and a reasonable number of hours, courts consider the following factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974): (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability

-6-

of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Rum Creek*, 31 F.3d at 175; *Daly*, 790 F.2d at 1076 n.2. Finally, in determining the proper amount of attorneys fees, the moving party bears the burden of demonstrating that fees are reasonable. *See Hensley*, 461 U.S. at 433.

Here, Defendants submit that they spent in excess of fifteen hours to decide to file a motion to strike the amended complaint; to draft, revise, finalize, and file the motion and proposed order, which totaled six double-spaced pages; to review Plaintiff's motion and brief for disallowance; and to draft, revise, finalize, and file a responsive brief, which totaled four double-spaced pages. (*See* Defs.' Bill of Costs, docket no. 34.) Of note, to ultimately create these ten double-spaced pages of work product required not one, but two attorneys, one presumably to produce the work, at $280 per hour, and one to review the work, at $395 per hour. Drafting such a motion and responsive brief is not in itself novel or difficult, and as such, does not in my mind require a great level of skill to perform adequately. Admittedly, Defendants did note their tedious task of reviewing each paragraph of the amended complaint to determine to what degree Plaintiff had abused the court's allowance to amend, and whether such abuse substantiated a subsequent motion to strike, as well as the need to reply to Plaintiff's motion and brief for disallowance. Defendants provided no demonstration, however, of putative preclusion of employment, any time limitations imposed by the client or the circumstances, the experience and reputation of the

lawyers, the undesirability of the case, the relationship with the clients, or awards in similar cases. Further, Defendants provided no evidence of the customary rate for such services, and I am inclined to think it less than the rate charged by Defendants.

Given Defendants' failure to provide sufficient information with which to calculate a reasonable rate, combined with the need to eliminate "excessive, redundant, or otherwise unnecessary" fee requests, *Hensley*, 461 U.S. at 434, I award 2.0 hours of time for Attorney William Barrett, representing one review of the draft motion to strike and conference with Attorney Kimberly Bartman, and review of Plaintiff's responsive motion and brief, and subsequent discussion with Attorney Bartman, at a rate of $250 per hour, totaling $500. I also award 6.9 hours of time for Attorney Bartman, representing review of the amended complaint; emails with Attorney Barrett regarding strategy; drafting, finalizing, and filing the motion to strike; review of Plaintiff's responsive brief; and drafting, finalizing, and filing Defendants' reply brief, at a rate of $175 per hour, totaling $1,207.50. I believe the total of 9.4 hours and $1,707.50 in fees represents the necessary and reasonable time Defendants needed to review the amended complaint, determine to file a motion to strike, draft the submitted motion, review Plaintiff's responsive motion and brief, and then draft the submitted reply brief. While it is a small portion of what Defendants requested, I find it sufficient given Defendants' failure to provide any authority or support for their desired calculation other than their suggested hours and rates, and reasonable given the excessive hours and rates supposedly required to produce only

-8-

ten double-spaced pages regarding a simple matter: a motion to strike an improvidently filed amended complaint.

**CONCLUSION**

For the reasons stated herein, Defendants' motion for bill of costs (docket no. 34) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's attorney, Janet Ledbetter, is **HEREBY ORDERED** to pay Defendants' attorneys, Williams Mullen, fees totaling $1,707.50, and to this extent Defendants's motion is granted; otherwise the motion is denied. This payment is to be made directly to Williams Mullen without involving the court no later than **December 31, 2009.** Plaintiff's motion for disallowance (docket no. 35) is **DENIED**.

_____
WALLACE W. DIXON
United States Magistrate Judge

December 14, 2009